AL SMITHSON, Esq.
830 23rd Street
San Diego, California 92102
(619) 234-8729
Attorney State Bar No. 51611
Attorney for Material Witness:
ERMELINDO OLLUA-NAVA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
(Honorable LOUISA PORTER)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROSALIO ALATORRE, Jr,<br>OSCAR IGNACIO BARRERA-SANTANA<br><br>Defendants. | CRIMINAL CASE 08CR1551-JAH<br>MAGISTRATE CASE 08MJ1421-POR<br>DATE: June 10, 2008<br>TIME: 2:00 P.M.<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER SETTING VIDEO DEPOSITION OF MATERIAL WITNESS ERMELINDO OLLUA-NAVA |

I.

INTRODUCTION

The material witness, ERMELINDO OLLUA-NAVA, was arrested on or about May 1, 2008, and has remained in custody since that date.

Material witness ERMELINDO OLLUA-NAVA, seeks an Order by this Court under 18 U.S.C. Section 3144 and Federal Rule of Criminal Procedure 15 to have his testimony preserved in a video deposition as he has been unable to secure a surety under the conditions imposed by the government in this matter.

## II.

## UNDER EXISTING FEDERAL LAW THE COURT IS REQUIRED TO ORDER THE DEPOSITION AND RELEASE OF THIS WITNESS

**18 U.S.C. Section 3144 provides that a material witness who is unable to comply with any condition of release has the right to have their deposition taken and thereafter be released:**

**"No material witness may be detained because of inability to comply with an condition of release if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice..."**

**"Upon such a showing, the district *must* order [the witness'] deposition and prompt release." (Torres-Ruiz v. United States District Court for the Southern District Court of California, 120 F.3d 933, 935 (9th Cir., 1997)) (emphasis in original).**

**Further, Federal Rule of Criminal Procedure 15 (a) provides the procedure basis for this motion for deposition:**

**"If a witness is detained pursuant to Section 3144 of Title 18, United States Code, the Court on written motion of the witness and upon notice to the parties may direct that the witness's deposition be taken. After the deposition has been subscribed the Court may discharge the witness..."**

**Under such circumstances, "if the deposition would prove admissible over any objection under the Confrontation Clause of the United States Constitution or the Federal Rules of Evidence, the**

**material [witness] must be deposed rather than detained." (Aguilar-Ayala v. Ruiz, 973 F.2d 411, 413 (5th Cir. 1992)).**

**The language of 18 U.S.C. Section 3144 is mandatory and requires material witnesses's deposition and release.**

**Further, legislative history supports the position that the deposition and release of a material witness is mandatory.**

**Section 3144: RELEASE OR DETENTION OF A MATERIAL WITNESS, reads (in part):**

**This Section carries forward, with two significant changes, current 18 U.S.C. 3149 which concerns the release of a material witness. If a person's testimony is that it may become impracticable to secure his presence by subpena, the government is authorized to take such person into custody. A judicial officer is to treat such a person in accordance with Section 3142 and to impose those conditions of release that he finds to be reasonably necessary to assure the presence of the witness as required, or if no conditions of release will assure the appearance of the witness, order his detention as provided in Section 3142. However, if a material witness cannot comply with release conditions or there are no release conditions that will assure his appearance, but he will give a deposition that will adequately preserve his testimony, the judicial officer is required to order the witness's release after the taking of the deposition if this will not result in a failure of justice... 1984 U.S. Code Cong. and Adm. News, p. 3182.**

**In the instant case, in which the material witness will have been incarcerated 41 days on the hearing date of this motion due solely to his inability to secure bond, continued incarceration violates the clearly stated intent of the Congress and the straightforward rulings by the Court of Appeals (Torres-Ruiz v. United States District Court) that such practices shall not be permitted. Prolonged and continued incarceration clearly meets the test of "exceptional circumstances" as referenced in Torres-Ruiz v. United States District Court. In another case where the material witness had been in custody for <u>three weeks</u>, the Fourth Circuit held that continued incarceration with no prospective surety available to post bond was an exceptional circumstance justifying deposition and release of the material witness. (United States v. Rivera, 859 F.2d, 1204, 1205 (4th Cir. 1988)**

**The circumstances in this case are similar to Torres-Ruiz and Rivera, as the material witness in this case continues to be held for no purpose other than to be a witness owing solely to his inability to post bond. Because deposition serves as an adequate alternative to his continued incarceration, ERMELINDO OLLUA-NAVA has "an overriding liberty interest in not being detained as a material witness when the deposition serves as an adequate alternative to prolonged detention." (Aguilar-Ayala v. Ruiz, 973 F.2d 411, 419-420 (5th Cir. 1992)). Under the standards articulated by the Court of Appeals, prolonged incarceration of ERMELINDO OLLUA-NAVA merely because of his inability to secure bond thus is an exceptional circumstance that mandates his immediate deposition**

and release.

Exceptional circumstances also may be shown by the effect of prolonged incarceration on the family of the material witness. (Torres-Ruiz v. United States District for the Southern District of California) In the Torres-Ruiz case, the material witnesses were held more than 60 days and the Ninth Circuit held "the continued detention of . . . material witnesses, whose testimony could be adequately preserved by videotaped deposition and whose families are suffering extreme hardship as a result of petitioner's continued detention, is an exceptional circumstance justifying the extraordinary remedy of mandamus. . ." and ordered the district court to "schedule video depositions of petitioners at the earliest possible date."

In the instant matter, counsel acting on behalf of the detained material witness believes there will be no failure of justice in requiring a deposition, and asserts that such is supported by case law. It is true that the defendants have a Constitutional right to confront and cross-examine witnesses against them, but these rights must be balanced against the Constitutional rights of the detained witness. In this matter, the defendants are represented by counsel who has been notified of the deposition and invited to ask all questions of the witness which counsel believes will further their case.

///

///

**III.**

**CONCLUSION**

**Under the clear meaning of 18 U.S.C. Section 3144, legislative history and relevant case law, the ordering of a deposition and subsequent release of this material witness is mandatory. With that in mind, the witness respectfully requests this Court grant a video deposition of his testimony and then order his release.**

**DATED: May 26, 2008**

**/s/ Al Smithson**
**AL SMITHSON, Attorney for**
**Material Witness**
**ERMELINDO OLLUA-NAVA**